UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                       No. 16-CR-397-LTS

HAROLD HILL,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Defendant Harold Hill's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which was amended by Congress as part of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. (Docket Entry No. 374.) On February 1, 2018, Defendant was sentenced principally to 84 months of imprisonment, to be followed by a five-year supervised release term. Defendant has now been incarcerated for 42 months and is due to be released on August 26, 2021. Defendant seeks immediate release to supervised release or, in the alternative, immediate release to home confinement. (Docket Entry No. 374 at 1.) On April 9, 2020, the Government filed an opposition to Defendant's motion. (Docket Entry No. 377.) On April 14, 2020, the Defendant filed a reply in support of his motion. (Docket Entry No. 380.) The Court has reviewed the parties' submissions carefully and, for the following reasons, Defendant's motion is denied.

Mr. Hill seeks an order directing his compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . .

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-135).  Mr. Hill has not exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, nor have 30 days lapsed since the Warden of his facility received a compassionate release request from Mr. Hill.  Therefore, Defendant has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Defendant contends that "this Court should excuse compliance with the normal 30-day timing rule in light of the documented and serious national emergency; also in light of how overwhelmed the FBOP is in light of the pandemic inside and outside the prisons even among their own legal and corrections personnel."  (Docket Entry No. 374 at 5-6.)  However, while "[c]ourts do have some flexibility to disregard exhaustion requirements when they are judicially imposed," "statutory exhaustion requirements, such as those set forth in Section 3582(c), must be strictly enforced."  U.S. v. Roberts, No. 18 Crim. 528 (JMF), ECF No. 296, at 3 (S.D.N.Y. April 8, 2020) (internal quotation marks omitted).  Congress included in Section 3582(c)(1)(A) clear and explicit language mandating exhaustion prior to judicial intervention.  The statute provides no limitation on the requirement to exhaust remedies with the BOP before seeking judicial intervention.  Therefore, this Court is "not free to infer a general unwritten special circumstances exception" into Section 3582(c)(1)(A).  Id. (internal quotation marks omitted). [1]  Defendant must first exhaust all remedies with the BOP. [2]

---

[1] The Second Circuit has not addressed the question of whether the exhaustion requirements of Section 3582(c)(1)(A) can be waived, and courts within the Circuit are divided on the answer.  Compare U.S. v. Haney, No. 19 Crim. 541 (JSR), ECF No. 27

Mr. Hill relies on Washington v. Barr, 925 F.3d 109 (2d Cir. 2019) for the proposition that "[e]ven where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute." (Docket Entry No. 374 at 7.) However, Washington concerned a judge-made exhaustion doctrine. 925 F.3d at 116 (noting that the statute at issue "does not mandate exhaustion of administrative remedies"). While "judge-made exhaustion doctrines . . . remain amenable to judge-made exceptions," statutory exhaustion provisions, like the one in Section 3582(c)(1)(A), "stand[] on a different footing." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016). Courts may find exceptions to statutory exhaustion requirements "only if Congress wants them to." Id. "[M]andatory exhaustion statutes like [Section 3582(c)(1)(A)] establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. Defendant has not proffered any basis for the Court to conclude that Congress intended to permit judicial waiver of Section 3582(c)(1)(A)'s mandatory exhaustion requirement, particularly in light of the statute's "limited futility-like exception" that permits an inmate to seek relief after "the lapse of 30 days from the

---

(Apr. 13, 2020) (finding 3582(c)(1)(A)'s exhaustion requirement non-jurisdictional and waivable); U.S. v. Perez, No. 17 Crim. 513 (AT), 2020 WL 1546422, *1-3 (S.D.N.Y. Apr. 1, 2020) (finding three exceptions to 3582(c)(1)(A)'s exhaustion requirement based on futility, inability to grant adequate relief, and undue prejudice); U.S. v. Zuckerman, No. 16 Crim. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) (same); and U.S. v. Colvin, No. 19 Crim. 179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (same); with U.S. v. Villanueva, No. 18 Crim. 472 (KPF), ECF No. 85 (S.D.N.Y. Apr. 8, 2020) (concluding that "courts lack the authority to waive the administrative exhaustion requirement stated in § 3582(c)(1)(A)"); and U.S. v. Hernandez, No. 18 Crim. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020) (same).

2   Defendant argues for the first time in his reply memorandum that he has exhausted his administrative remedies in light of the Warden's April 6, 2020, denial of his request for compassionate release. (Docket Entry No. 380 at 5-6.) He has not. The statute requires Defendant to "fully exhaust[] all administrative rights to appeal." 18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-135). Defendant must first appeal that denial through the BOP's Administrative Remedy Program in order to fully exhaust his remedies through Section 3582(c)(1)(A) if he wishes to seek judicial intervention before 30 days have elapsed from delivery of his application to the warden. See BOP Policy Statement 1330.18.

receipt of such a request by the warden of the defendant's facility." Roberts, ECF No. 296, at 3. This futility-like exception lends further support to the conclusion that Congress intended that Section 3582(c)'s exhaustion requirements be strictly enforced. Here, the Court cannot excuse Defendant's failure to exhaust his remedies with the BOP because it lacks authority to deviate from the clear language of the statute, which mandates exhaustion.

For all of these reasons, Defendant's request for compassionate release pursuant to Section 3582(c)(1)(A) is denied, without prejudice to renewal after the earlier of a final decision from the BOP, or May 6, 2020—30 days after the Warden of Defendant's facility received Defendant's request for compassionate release. Docket Entry No. 374 is resolved.

SO ORDERED.

Dated: New York, New York
April 20, 2020

                                                        /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                        United States District Judge