UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                        No.  16-CR-397-LTS

HAROLD HILL,

        Defendant.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        The Court has received Defendant Harold Hill's second motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which was amended by Congress as part of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194.  (Docket Entry No. 382.)  The Court denied Defendant's first motion for compassionate release because he had not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).  (Docket Entry No. 381.)  Defendant again seeks immediate release to supervised release, claiming that his respiratory conditions, which put him at greater risk of suffering severe manifestations of COVID-19, constitute "extraordinary and compelling" reasons to reduce his sentence.  (Docket Entry No. 382 at 1.)  On May 14, 2020, the Government filed an opposition to Defendant's motion.  (Docket Entry No. 384.)  On May 19, 2020, the Defendant filed a reply and separate supplementary submission in support of his motion.  (Docket Entry Nos. 385 and 386.)  The Court has reviewed the parties' submissions carefully and, for the following reasons, Defendant's motion is denied.

        Mr. Hill seeks an order directing his compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-140).  Section 1B1.13 of the Federal Sentencing Guidelines provides that the Court must also determine that "[t]he defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13.[1]

Mr. Hill has been diagnosed with chronic obstructive pulmonary disease ("COPD") and has severe asthma.  He asserts that these diseases put him at risk of severe illness if he contracts COVID-19, and that he has a greater risk of contracting the virus while he is in custody at Terre Haute, particularly because he "put[s] hand to mouth daily using multiple inhalers to enable unobstructed breathing."  (Docket Entry No. 385 at 2.)  Mr. Hill argues that this risk to his health is an "extraordinary and compelling reason[]" to reduce his sentence.  The Government contends that Mr. Hill's sentence should not be reduced because he has not demonstrated extraordinary circumstances and because Mr. Hill "continues to present risk to the community."  (Docket Entry No. 384 at 5-10.)

Mr. Hill has not demonstrated that extraordinary and compelling reasons warrant a reduction of his sentence or that a reduction of his sentence would be consistent with the policy statements set forth in Section 1B1.13 of the Sentencing Guidelines.  Mr. Hill has raised a

---

[1] Section 1B1.13 is a policy statement governing "reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)."  U.S.S.G. § 1B1.13.

serious, but not extraordinary, concern that his respiratory conditions put him at higher risk than members of the general public of contracting and suffering from severe symptoms of COVID-19. Mr. Hill has not, however, demonstrated that he faces an extraordinary risk of contracting the infection at Terre Haute, which, up until just days ago, had no reported COVID-19 cases. According to the Government, Terre Haute "has implemented stringent measures to avoid the spread of COVID-19," including instituting a 23-hour-a-day quarantine lockdown and implementing multi-phased measures to prevent infection and quell the potential for spread of the disease within the facility. (Docket Entry No. 384 at 6-8.) Furthermore, Terre Haute has resources to address Mr. Hill's symptoms should he contract the disease. The facility employs a full-time clinical director, who is a medical doctor, and a health services administrator, who is a registered nurse. (Docket Entry No. 384 at 6.) If he did contract the virus, Mr. Hill would be placed in medical isolation where he would receive appropriate medical treatment and, should his symptoms become more severe, he would be transferred to another facility "able to handle a complex medical issue." (Id.) Because Terre Haute currently has measures in place to mitigate infection risk and appropriately treat any COVID-19-related illness Mr. Hill may contract, the impact of his current medical conditions does not rise to the level of severity generally contemplated under 18 U.S.C. § 3582(c)(1)(A) and the corresponding Guidelines policy statement. Thus, the facts currently before the Court do not demonstrate "extraordinary and compelling" circumstances that warrant a reduction in Mr. Hill's sentence.

Nor has Mr. Hill demonstrated that he is "not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."[2] U.S.S.G. § 1B1.13. Mr. Hill

---

[2] Section 3142(g) provides that the Court should consider (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the

participated in a large narcotics conspiracy that terrorized the residents of the Lincoln Houses. (Docket Entry No. 384 at 9.)  His role in the conspiracy was significant: Mr. Hill accepted responsibility for selling between 840 grams and 2.8 kilograms of crack cocaine.  The Government had video evidence showing Mr. Hill engaging in multiple narcotics sales to an undercover law enforcement officer and proclaiming responsibility for a significant portion of the Lincoln Houses crack sales operation—strong evidence of his guilt.  (Id.)  Mr. Hill's lengthy prior criminal history, which includes a bail jumping offense and five narcotics-related felony offenses, and the fact that he was involved in the narcotics conspiracy when he was over forty years of age, suggests a high likelihood of recidivism.  (Id.)  This history of behavior indicates a significant risk to the public especially during the current pandemic, when the ability to effectively supervise Mr. Hill is greatly compromised and public law enforcement resources are strained.  While his successful completion of the RDAP program and his plan to relocate to North Carolina are indications that he is continuing to take steps to change his life, he has not persuaded the Court that he no longer poses a danger to the community.

For all of these reasons, Defendant's second request for compassionate release pursuant to Section 3582(c)(1)(A) is denied.  Docket Entry No. 382 is resolved.

SO ORDERED.

Dated: New York, New York
       May 26, 2020

                                                    /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  United States District Judge

---

history and characteristics of the defendant; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.