# V<small>LADECK</small>, R<small>ASKIN</small> & C<small>LARK</small>, P.C.

S<small>USAN</small> J. W<small>ALSH</small>
212.403.7348
swalsh@<small>VLADECK</small>.<small>COM</small>

December 28, 2020

By ECF and EMAIL

Hon. Laura Taylor Swain
United States District Court Judge
United States District Court for
Southern District of New York
500 Pearl Street
New York, New York 10007

*United States v. Harold Hill*, 16 Cr 397 (LTS)

Dear Judge Swain:

I write to urgently and briefly in reply to the Government's Opposition to Harold Hill's Renewed Motion for Compassionate Release. The Court directed the defense to reply on or before January 12, 2021 but Hill's deteriorating circumstances demand immediate action.

Since Hill moved for renewed consideration on December 13, 2020 (ECF No. 410) conditions where he is housed at the Terre Haute Indiana prison have deteriorated exponentially. The BOP facility no longer has the just the twelfth highest infection rate in the FBOP system as it did December 12, 2020 but today is <u>first</u> in the nation in inmate infections. **In just 16 days the number of inmate infections has almost doubled from 155 inmate infections on December 12, 2020 to 287 inmate infections today.** https://www.bop.gov/coronavirus/ (last visited Dec. 28, 2020 emphasis supplied).

Of course, this number is up from a single case on May 6, 2020 when the court denied the springtime application based in part on the low infection rate that existed then at Terre Haute. (ECF No. 388) Sadly, that is no longer the case. The virus continues to ravage the country and in particular our tightly packed prisons. It also explains why the Government no longer presses an argument that Hill has not presented "extraordinary and compelling circumstances" but instead concedes it. *See*, Gov't Opp at 5. Today, the infection rate in combination with Hill's extreme vulnerability to severe illness or death should he contract the virus due to his severe Chronic Obstructive Pulmonary Disorder (COPD) could not be more compelling or extraordinary. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#copd ("Having COPD (including emphysema and chronic bronchitis) is known to increase your risk of severe illness from COVID-19.)

The Government confirms in Exhibit A of its own submission that Hill has completed the BOP Release Preparation Program on January 10, 2020 as well as the Release Preparation

Unit Program on September 30, 2020. (Gov't Exhibit A at p 1). He was designated Low Risk for Recidivism on November 2, 2020 and has been Minimum Security Classification since at least January 15, 2019. (id. at p 2). The prison medical records also confirm that Harold Hill, who will be 48 years old in January continues to suffer "severe COPD." (id at p 21; medical records of October 2020) and that his breathing medications are refilled without examination "due to Covid-19 distancing." (id. at p 19). To be sure, Harold Hill continues to use 3 separate inhalers and an oral steroid every day to control his severe COPD and chronic asthma. One inhaler administers medication twice daily, another is used through a nebulizer three times a day and the third Hill is permitted to carry on his person for emergencies and administers once a day, in addition to the oral steroid. *See*, Govt Exhibit A at pp 19, 26-27.

Hill's circumstances, indeed, the world's circumstances have altered dramatically since this Court denied Hill's application in the Spring. What then seemed manageable institutionally, clearly no longer is medically manageable within the prison. Hill's medical vulnerability has not changed but now he is suitable for early release on March 2, 2021 to Fayetteville, North Carolina near his mother's home. (Gov't Exhibit A, at pg 1). He will be eligible for full release to five years supervised release in August 2021. The likelihood that Hill will receive the type of classes and training the Government envisions in a half-way house two months from now is remote at best. Nearly the entire state of North Carolina is on modified "lock-down." https://governor.nc.gov/news/key-metrics-increasing-rapidly-north-carolina-begin-modified-stay-home-order-slow-covid-19   Were this Court to permit Harold the opportunity to ride out this virus in the shelter of his mother's home, there is literally no where for Harold Hill to go but to the quarantine of his mother's home. His personal risk of infection overrides any concern that Hill poses any more risk to the community today than he would two months. The risk to his health should he interact with the community before the virus is contained is too extreme.

Hill's mother reports room and security enough to transport her son and support him in the safety of her home. For all of these reasons, for those articulated in the initial motion of May 6, 2020, (ECF No .382) and for all the factors under 18 U.S.C. 3553, this Court should grant the application directing Hill's release forthwith including any supervision or special conditions this Court deems just and fair under the circumstances.

Respectfully submitted,

*/s/ Susan J. Walsh*
Susan J. Walsh

715276 v1

565 Fifth Avenue, 9th Floor, New York, New York 10017 ▪ (p) 212-403-7300 ▪ (f) 212-221-3172